FILED

Feb 27 2019, 5:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Cody Cogswell
Cogswell & Associates
Fishers, Indiana

ATTORNEY FOR APPELLEE

David P. Murphy
David P. Murphy & Associates,
P.C.
Greenfield, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Micayla N. Smith,<br>*Appellant-Petitioner,*<br><br>v.<br><br>Nathan W. McPheron,<br>*Appellee-Respondent.* | February 27, 2019<br><br>Court of Appeals Case No.<br>18A-DR-297<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Angela Warner Sims, Judge<br><br>The Honorable Kevin M. Eads, Magistrate<br><br>Trial Court Cause No.<br>48C01-1603-DR-205 |

**Najam, Judge.**

## Statement of the Case

[1]     Micayla N. Smith ("Mother") appeals the trial court's modification of physical custody over her minor child, G.M. ("Child"), from Mother to Nathan

McPheron ("Father"). Mother raises five issues for our review,[1] which we restate as the following four issues:

1. Whether the trial court's modification order is clearly erroneous.

2. Whether the trial court abused its discretion when it declined to hold Father in contempt for his child-support arrearage.

3. Whether trial court abused its discretion when it declined to award Mother attorney's fees based on Father's child-support arrearage.

4. Whether the trial court abused its discretion when it denied Mother's request to proceed *in forma pauperis* on appeal.

---

[1] In his brief, Father asserts that Mother's notice of appeal was not timely filed and, as such, she has forfeited her appeal. *See* Ind. Appellate Rule 9(A)(5). We agree with Father that Mother's notice of appeal was not timely filed; the trial court's final judgment was noted in the court's chronological case summary on January 9, 2018, which made Mother's notice of appeal due on Thursday, February 8, 2018. App. R. 9(A)(1). However, Mother did not file her notice of appeal until February 12, 2018. Thus, she did not timely file her notice of appeal.

Father made this argument to our motions panel, and our motions panel initially agreed to dismiss Mother's appeal due to her untimely filing. However, on Mother's petition for rehearing, our motions panel agreed to vacate its dismissal order and reinstate her appeal notwithstanding her procedural default. As our Supreme Court has emphasized, an untimely notice of appeal does not go to this Court's jurisdiction to hear the appeal, and, notwithstanding an untimely notice of appeal, we may in our discretion hear an appeal on the merits. *Gr. J. v. Ind. Dep't of Child Servs. (In re D.J.)*, 68 N.E.3d 574, 578-80 (Ind. 2017).

Although a writing panel of this Court has "inherent authority to reconsider any decision while an appeal remains *in fieri*," we are "reluctant to overrule orders decided by the motions panel." *John C. & Maureen G. Osborne Revocable Family Trust v. Town of Long Beach*, 78 N.E.3d 680, 692 (Ind. Ct. App. 2017), *trans. denied*; *see also Moriarity v. Ind. Dep't of Nat. Res.*, 113 N.E.3d 614, 623 (Ind. 2019) (noting that Indiana's appellate courts prefer to resolve cases on their merits). Accordingly, we decline Father's request to once again consider this issue.

We affirm the trial court's judgment on the first three issues but reverse the trial court's denial of Mother's motion to proceed *in forma pauperis*.

## Facts and Procedural History[2]

In March of 2016, Mother filed a petition for the dissolution of her marriage to Father. Child was the only child of the marriage and was just shy of three years old at the time Mother filed the petition for dissolution. In June, the trial court entered its decree of dissolution. In the decree, the court awarded primary physical custody over Child to Mother and ordered Father to pay $85 per week in child support.

In May of 2016, Mother lived in a third-floor apartment with her boyfriend, Brandon George, and George's minor child in Anderson. On May 22,[3] neighbors called police to report that Child had been left unattended on the apartment's balcony. Officers arrived and, later, case managers with the Indiana Department of Child Services investigated. Mother admitted to family case manager William Griffin that she had left Child on the third-floor balcony unattended. While Child was on the balcony, Mother and George were

---

[2] We note that, contrary to our appellate rules, Mother's Statement of Facts in her brief on appeal is not "stated in accordance with the standard of review appropriate to the judgment or order being appealed." App. R. 46(A)(6)(b). We also note that Father's Statement of Facts in his brief does not include citations to the record on appeal or an appendix, which is contrary to Indiana Appellate Rule 46(A)(6)(a). The parties' failures to adhere to our appellate rules have impeded our review of this appeal.

[3] Although the May 22, 2016, incident occurred prior to the decree of dissolution, there is no dispute in this appeal that Father did not have notice of the incident at the time of the decree as apparently case managers for the Indiana Department of Child Services were unable to locate him.

"sleeping" after they had both smoked marijuana. Tr. Vol. I at 247-48. George admitted that "he was a chronic . . . user" of marijuana. *Id.* at 248.

[5] In March of 2017, Mother and George had moved into a rental house together with Child and George's minor child. On March 27, Child was found unattended and wandering on streets about three or four blocks from Mother's residence. When Child was returned to Mother, she admitted that she had been sleeping after having smoked marijuana and was unaware that Child had left the residence.

[6] Father filed an emergency petition for modification of physical custody over Child following the March 2017 incident. The trial court held an initial fact-finding hearing shortly thereafter, after which the court concluded that no emergency existed but that the court would continue to hear Father's request to modify custody on a nonemergency basis. After several subsequent fact-finding hearings, on September 22 the court granted Father's request for modification of physical custody over Child.

[7] In its modification order, the court found "Mother's . . . testimony . . . that she could be around marijuana and/or people who use it without feeling any urge to use herself" to be inconsistent with "fundamental tenants of substance abuse therapy" and "disturbing." Appellant's App. Vol. 2 at 13-14. The court also disapproved of Father having "gone for extended periods without paying support . . . ." *Id.* at 14. And the court noted that "each parent has made conscious decisions which have clearly not been in [Child's] best interest. Both

parties have demonstrated a level of immaturity . . . ." *Id.* Nonetheless, the court concluded that, in light of the fact that "Mother has twice had [Child] escape unattended, both times after she and her boyfriend had used substances," there had been "a substantial and continuing change in circumstances" to justify modification of physical custody over Child from Mother to Father. *Id.* at 15.

[8] The court initially reserved judgment on the issue of Father's outstanding child support arrearage, but, on January 8, 2018, the court found that Father owed $1,080 in back child support. Following the January 8 judgment, Mother moved the trial court to find her indigent for purposes of an appeal. The trial court declined and instead found that Mother was voluntarily unemployed as she had left paid employment to work as an unpaid intern in support of a new career path. This appeal ensued.

## Discussion and Decision

### Issue One: Modification of Physical Custody

[9] On appeal, Mother first asserts that the trial court erred when it modified physical custody over Child from Mother to Father. "A child custody determination is very fact-sensitive." *Steele-Giri v. Steele (In re Marriage of Steele-Giri)*, 51 N.E.3d 119, 125 (Ind. 2016). Where, as here, the trial court's judgment is supported by findings of fact following an evidentiary hearing, we review the trial court's judgment under our clearly erroneous standard of

review. *E.g.*, *id.* "Findings of fact are clearly erroneous when the record lacks any evidence or reasonable inferences from the evidence to support them." *Id.*

[10] "[I]n order for the trial court to modify custody, it must find *both* that: 1) modification is in the best interests of the child; and 2) there is a substantial change in one or more of the factors enumerated in [Indiana Code Section 31-17-2-8 (2018)]." *Id.* at 127. As relevant here, Indiana Code Section 31-17-2-8(6) directs the trial court to consider "[t]he mental and physical health of all individuals involved."

[11] Mother first argues that the trial court's modification order is clearly erroneous because the court denied Father's request for an emergency modification but continued to hear Father's request on a nonemergency basis. Relatedly, Mother asserts that there was no change in circumstances in the interval between the court finding that no emergency existed and later determining that a modification was nonetheless justified. We conclude that Mother's arguments are not supported by cogent reasoning, and, thus, we do not consider them. Ind. Appellate Rule 46(A)(8)(a).

[12] Mother also asserts that Child did not "suffer any harm while in [Mother's] care." Appellant's Br. at 12. Mother's assertion is not supported by the record most favorable to the trial court's judgment. Contrary to Mother's assertion, Child was twice left unattended by Mother in areas that posed dangers to him, namely, a third-floor balcony and local streets several blocks from Mother's

residence. Mother's argument, insofar as it is here supported by cogent reasoning, is contrary to our standard of review, and we reject it.

[13] Mother next argues that the trial court's modification order is clearly erroneous because, in some appeals from child-in-need-of-services and termination-of-parental-rights determinations, we have held that isolated uses of marijuana that do not endanger the child are insufficient to support those determinations. But Mother cites no authority for support of her apparent position that a trial court errs as a matter of law when, as here, the court modifies custody from one parent to another on the basis of the first parent's repeated drug use, which use resulted in endangerment to the child. Accordingly, we conclude that Mother has also not preserved this issue for appellate review. App. R. 46(A)(8)(a).

[14] Mother also argues that custody with Father is not in Child's best interests. In support of this argument, Mother relies on the evidence before the trial court, much of which the court expressly acknowledged in its modification order, that Father is far from perfect and that Mother has played a positive role in Child's life. But Mother's argument on appeal is merely a request to have this Court reweigh evidence that the trial court has already weighed and considered, which we will not do. We cannot say that the trial court's order modifying physical custody over Child from Mother to Father is clearly erroneous, and, thus, we affirm.

## Issue Two:  Contempt

Mother next asserts that the trial court should have held Father in contempt for his failure to timely pay child support.[4]  As the Indiana Supreme Court has made clear:  "Like with the custody determination, trial courts are given great deference in contempt actions.  Crucial to the determination of contempt is the evaluation of a person's state of mind, that is, whether the alleged contemptuous act was done willfully."  *Steele-Giri*, 51 N.E.3d at 129.  We review the trial court's judgment on whether to impose a sanction of contempt on a party for an abuse of discretion.  *E.g.*, *id.*  We will consider the record only as it is most favorable to the trial court's judgment, and we may not substitute our judgment for that of the trial court.  *Id.*

Here, the trial court considered Mother's request to hold Father in contempt for his child-support arrearage to be unjustifiably heavy-handed.  As the court stated to the parties:

> I view [the] request for a show cause [order] would sort of be[,] the horse is already out of the corral on that. . . .  We've got the submissions by each party as to the [amount of the arrearage, which had been in dispute, and] I'm not sure what it benefits us at this point to continue to beat that horse to death in light of that . . . .

---

[4]  Father's response on appeal that Mother failed to preserve this issue for appellate review because she raised it to the trial court for the first time after the September 22, 2017, Order but before the January 8, 2018, Order is not supported by cogent reasoning.  Likewise, we decline to consider Mother's assertions that Father somehow violated the Internal Revenue Code.

Tr. Vol. 3 at 190.  As our Supreme Court has put it, "discretion means that, in many cases, trial judges have options." *Snow v. State*, 77 N.E.3d 173, 177 (Ind. 2017).  Here, the trial court could have found Father in contempt or not in its discretion, and we cannot say that the trial court abused its discretion when it concluded to not do so.

## Issue Three:  Attorney's Fees

[17]    Mother next asserts that the trial court abused its discretion when it declined to award her attorney's fees.  The statute regarding attorney's fees in child-support matters, Indiana Code Section 31-16-11-1, leaves such judgments to the trial court's discretion.  *Martinez v. Deeter*, 968 N.E.2d 799, 810 (Ind. Ct. App. 2012).  In determining whether to award attorney's fees, the trial court may consider, among other concerns, "any misconduct on the part of either of the parties . . . ."  *Id.*

[18]    The matters before the trial court were originally before it on Father's motion to modify custody based on Mother's behavior, and, as explained above, the court agreed with Father that modification of physical custody over Child was justified.  While the court also directed Father to pay his outstanding child-support arrearage, we cannot say that the court was obliged to order Father to pay Mother's attorney's fees when the court found that Mother was at least partly responsible for the ongoing proceedings.  *See, e.g.*, *id.* at 810-11; *see also Snow*, 77 N.E.3d at 177.  We affirm the trial court on this issue.

## Issue Four:  Motion to Proceed *In Forma Pauperis*

[19]    Last, Mother asserts that the trial court abused its discretion when it denied her request to proceed *in forma pauperis* on appeal.[5]  Applications to proceed *in forma pauperis* on appeal require the applicants to "only convince the court of their indigency in order to have their application granted."  *Campbell v. Criterion Group*, 605 N.E.2d 150, 158-59 (Ind. 1992).  "Indigency determinations present a subject for the sound discretion of the trial court, and a very clear case of abuse must be shown before this discretionary power can be interfered with" on appeal.  *Id.* at 159 (citations omitted).  However, "'[a]rbitrary economic discrimination in the halls of justice is wrong,'" and parties should not be "denied, by reason of indigency, access to that appellate process which the law would otherwise afford."  *Id.* (quoting *Campbell v. Criterion Group*, 588 N.E.2d 511, 518 (Ind. Ct. App. 1992), *vacated*).

[20]    The trial court here denied Mother's motion to proceed *in forma pauperis* only on the ground that Mother was currently voluntarily unemployed.  Father does not dispute that Mother is currently unpaid as an intern in the legitimate pursuit of a new career path, that she has no income, and that she has no assets to her name.  Neither do the parties dispute that, prior to becoming an unpaid intern, Mother earned $13 per hour in her former occupation.  In essence, the trial

---

[5] We decline to consider Mother's argument that the Magistrate who heard the modification and child-support issues, rather than the Judge, was obliged to also hear Mother's request to proceed *in forma pauperis*.

court imputed Mother's former income to her for purposes of denying Mother's motion to proceed *in forma pauperis*.[6]

[21] While the trial court has broad leeway in determining indigency, the effect of the trial court's judgment here is to dissuade Mother from either pursuing a new career path or from pursuing her constitutional right to appeal. *See* Ind. Const. art. 7, § 6. In the child-support context, in order to impute income to a parent due to the parent's voluntary unemployment the trial court must first determine that the parent's voluntary unemployment is "without just cause." Ind. Child Support Guideline 3(A)(3). We conclude that Mother's voluntary unemployment, without a simultaneous finding that that voluntary unemployment is without just cause, is not a sufficient basis on which to support the denial of her motion to proceed *in forma pauperis*. Accordingly, the trial court abused its discretion when it denied Mother's motion to proceed *in forma pauperis*. We reverse the trial court's judgment on this issue and remand with instructions to have the costs of the preparation of the record of the proceedings, including the transcript, assessed as a public expense. *See Campbell*, 605 N.E.2d at 160-61.

[22] Affirmed in part and reversed and remanded in part.

---

[6] Father's argument in support of the trial court's judgment is only that Mother's own actions are the ultimate cause for the litigation and appeal. However, our Supreme Court has expressly held that the merits of an appeal are not relevant to a decision on a motion to proceed *in forma pauperis*. *Campbell*, 605 N.E.2d at 158-59.

Pyle, J., and Altice, J., concur.